UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

                                                                     **Hon. Hugh B. Scott**

                  v.

                                                                     06CR402S

                                                                   **DECISION & ORDER**

SHAMEL PARKER,

                     Defendant.

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. 636 (b)(1)(A) and, pursuant to 28 U.S.C. 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. 636(b)(1)(A) (Docket No. 9).

      The instant matter before the Court is the Defendant's omnibus motion which seeks the following relief: to suppress evidence and statements (including seeking a suppression hearing); discovery; production of Brady, Federal Rules of Evidence 404(b), 608, and 609 materials; disclosure of witnesses' statements; and preservation of rough notes (Docket No. 23, Def. Atty. Affirm. at 2). The Government, in its response, requested reciprocal discovery from the defendant (Docket No. 24, Gov't Response at 7-8).

      During oral argument, defendant also sought materials about a witness disclosed in the Government's response (Docket No. 24, Gov't Response at 2), as well as any memorialization of that witness's statements. Defendant also sought any audio or video recording of defendant's

stop and arrest. One report produced to defendant indicated that a handgun found in defendant's car was swabbed for DNA testing; defendant sought the results of that testing.

During oral argument, the Government stated that it was unaware who the witness was who was identified in the responding papers. The Government was not aware of any audio or video recording of this incident aside from the 911 transmissions and the car-to-car transmissions (and the Government provided copies of those transmissions to defendant). As for the DNA testing, the Government states that no actual testing was conducted, only that the firearm was swabbed for possible testing.

The Court entered a schedule with defense motions due by July 10, 2007, the Government's response was due by July 24, 2007, and oral argument was scheduled for July 25, 2007, at 10 am (Docket No. 21). The Government belatedly filed responding papers (Docket No. 24, filed July 25, 2007, at 9:10 am). Despite this late response, defendant and the Government proceeded to argue the motion July 25, 2007, and the Court reserved decision and stated that it would schedule an evidentiary hearing at a latter date (Docket No. 25).

## BACKGROUND

Defendant was indicted on November 16, 2006, in a three-count Indictment for unlawfully possessing a firearm (a semiautomatic pistol) while trafficking in drugs, in violation of 18 U.S.C. § 924(c)(1); unlawfully possessing the same firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and possession of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Docket No. 1). He is alleged to have possessed this contraband on October 28, 2006 (<u>id.</u>).

**DISCUSSION**

I.     Suppression Hearing

Defendant seeks to suppress all evidence and defendant's statements, seeking a suppression hearing (Docket No. 23, Def. Atty. Affirm. at 8). The Government concedes that a suppression hearing is required here (see Docket No. 24, Gov't Response at 1-2, 3). Therefore, the Court will conduct a suppression hearing on **Wednesday, August 20, 2007, at 2 pm**, before the undersigned.

II.     Discovery

     A.     Requested in Moving Papers

Defendant next seeks various items of pretrial discovery (Docket No. 23, Def. Atty. Affirm. at 8-10). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. The Government responds that it has fulfilled its discovery obligations, understands its continuing obligation to supplement it disclosure, and indicates that it will produce expert disclosure (Docket No. 24, Gov't Response at 3). Three expert witnesses who tested the marijuana or firearm seized in this case were identified by the Government (id. at 4).

B.   Oral Argument Requests

During oral argument, defendant sought disclosure of the witness mentioned in the Government's response (see Docket No. 24, Gov't Response at 2), as well as test results from the DNA swabbing of a firearm found in defendant's car. The Government denied knowledge of that witness aside from what was disclosed in the response and stated that no DNA testing was done on the swab taken from the surface of that firearm.

If the Government learns either the identity of that witness or that DNA testing was conducted on the swabbed sample, it should produce this information.

III.   Brady Material

Defendant has requested that the government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), United States v. Giglio, 405 U.S. 150 (1972), and their progeny (Docket No. 23, Def. Atty. Affirm. at 10-12). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is "At the present time, the government is not in possession

of any 'exculpatory' material within the contemplation of Brady, but does acknowledge its continuing duty under Brady to produce such material" (Docket No. 24, Gov't Response at 6).

It is unclear as to whether the government's response included considerations regarding "impeachment" Brady material as well as exculpatory Brady material.

Neither the Supreme Court, nor the Second Circuit[1], have ruled directly on whether a there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979) (the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); United States v. Perez, 870 F.2d 1222 (7th Cir. 1989) (the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); United States v. Ziperstein, 601 F.2d 281 (7th Cir. 1979) (a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence); but see United States v. Wilson, 565 F. Supp. 1416 (S.D.N.Y. 1983)(impeachment material need not be produced prior to trial); United States v. Biaggi, 675 F. Supp. 790 (S.D.N.Y. 1987) (information bearing on a

---

[1] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

witness' credibility may be turned over at the same time as [Jencks Act] materials); United States v. Feldman, 731 F. Supp. 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by Government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. United States v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979); but see United States v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the Government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the Government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

IV.     Rule 404, 608 and 609 Evidence

Defendant next requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 23, Def. Atty. Affirm. at 14-15). He also requests disclosure of all evidence of prior bad acts that the government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (id. at 15-16).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government states that it is attempting to obtain Rule 404(b) information, that it has no Rule 608 information, and that it will provide all such material to the defendant at the time of the pretrial conference in this case (Docket No. 24, Gov't Response at 4-5). As for Rule 609 material, the Government states that it intends to impeach defendant on his criminal history and any probation or parole history (id. at 5). This is sufficient in this case.

V.      Preservation of Evidence

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 23, Def. Atty. Affirm. at 19). The Government

recognizes that, if such notes have been reduced to typewritten memoranda or reports, such recorded notes must be preserved for trial (Docket No. 24, Gov't Response at 7).

VI.     Disclosure of Jencks Material

Defendant next seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, and seeks disclosure prior to trial (Docket No. 23, Def. Atty. Affirm. at 16-19). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial.  In this case, the Government has agreed to disclose this information "in advance of the scheduled suppression hearing" (Docket No. 24, Gov't Response at 6).  Defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

## CONCLUSION

For the reasons stated above, defendant's omnibus discovery motion is **granted in part, denied in part** as detailed above.  A suppression hearing shall be held on **Wednesday, August 20, 2007, at 2 pm**, before the undersigned.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:  Buffalo, New York
         August 13, 2007